UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROSA GUIRACOCHA,                                                             Civil Action No.:

          Plaintiff,

                                                                                               COMPLAINT

- against -

4125 MEAT CORP. and LUIS CORONA,

          Defendants.
-----------------------------------------------------------X

## INTRODUCTION

1. Plaintiff alleges that Defendants violated the requirements of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201 *et seq.*, to pay her overtime premium pay for all hours worked in excess of forty per week, and that Defendants acted in a manner that was willful and without good faith.

2. Plaintiff further alleges that Defendant's failure to pay compensation for all hours worked was made with a reckless disregard for Plaintiff's rights and in violation of the New York Labor Law (hereinafter "NYLL") sections 650 *et seq.*, including Part 142, section 142-2.2 (hereinafter "Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (hereinafter "Article 19 of the New York State Labor Law").

## JURISDICTION AND VENUE

3. This Court's jurisdiction is based upon 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (Federal Question). Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those derive from a common nucleus of operative

facts. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is appropriate under 28 U.S.C. § 1391(b)(2) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district. In addition, Defendants regularly conduct business in this district and are subject to personal jurisdiction in this district.

## PARTIES

5. Plaintiff, Rosa Guiracocha, is a resident of Corona, New York.

6. Plaintiff has been employed by Defendants since around 1998.

7. Defendant 4125 Meat Corp. is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, Luis Corona (hereinafter "Corona"), is an individual residing in the State of New York.

9. At all relevant times, Corona was and still is a corporate officer/director, and or managing agent of Defendant 4125 Meat Corp. who has and continues to participate in the day to day operations of 4125 Meat Corp. At all times relevant, Corona exercised operational control over 4125 Meat Corp., controlled significant business functions of 4125 Meat Corp., determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of 4125 Meat Corp. in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Corona has been an employer under the FLSA and the New York Wage and Hour Law.

## FACTS

10. Defendants own and operate a supermarket business located at 41-25 102nd Street, Corona, New York.

11. Plaintiff has been employed by Defendants for 18 years packing grocery bags for Defendants' customers.

12. Defendant Corona participated in the decision to hire Plaintiff.

13. Corona participated in the daily supervision of Plaintiff's duties.

14. Corona participated in setting the Plaintiff's work schedule.

15. Corona participated in deciding the manner in which Plaintiff was paid during her employment.

16. Corona participated in the decision to not pay Plaintiff any compensation at all from about 1998 to about March 13, 2014.

17. Corona participated in running the day to day operations of 4125 Meat Corp. during Plaintiff's employment.

18. Corona participated in deciding the hours that Plaintiff would work each week.

19. Corona participated in deciding the job duties that Plaintiff would perform on a daily basis.

20. During the time period October 2010 to March 2014, Plaintiff worked seven days a week.

21. During this time, Plaintiff's shift began at 10:00 a.m. each morning.

22. During this time, Plaintiff's shift ended at 10:00 p.m. each night.

23. During this time, Plaintiff took a 1 hour meal break each day.

24. During this time, Plaintiff worked 77 hours each week.

25. During this time, Defendants never paid Plaintiff any compensation for her time.

26. During this time, Plaintiff only received tips directly from customers for bagging their groceries.

27. During this time, Defendants never paid Plaintiff the statutory minimum wage.

28. During this time, Defendants never paid Plaintiff overtime compensation.

29. During this time, Defendants never paid Plaintiff time and a half her regular rate of pay when she worked more than 40 hours each week.

30. During this time, Defendants never paid Plaintiff spread of hours compensation for each shift in which she worked in excess of 10 hours.

31. During this time, Plaintiff did not punch in when her shifts began or punch out when her shifts ended.

32. During this time, Defendants did not keep any record of the hours Plaintiff worked each day and each week.

33. Defendants were aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which she was entitled for this work time under the law.

34. Defendants' failures to pay proper wages in a timely manner were made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

## COUNT I

### FLSA Overtime Wage Claim

35. At all times relevant to this Complaint, Defendants have been and continue to be, an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

36. At all times relevant to this Complaint, Defendants "employed" the Plaintiff by

suffering or permitting her to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

37. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

38. At all times relevant to this Complaint, Defendants had, and continue to have, employees handle goods or materials that have moved in interstate commerce, including the Plaintiff who has worked at Defendants' supermarket bagging groceries.

39. At all times relevant to this Complaint, Defendant 4125 Meat Corp. was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)).

40. Upon information and belief, the gross annual volume of sales made or business done by Defendant 4125 Meat Corp. for the year 2014 was not less than $500,000.00.

41. As such, Defendant 4125 Meat Corp. was and is subject to the overtime pay requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

42. At all times relevant to this action, the Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. §§ 207, *et seq.*

43. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

44. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay the Plaintiff overtime compensation as required by the FLSA.

45. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

46. However, none of the Section 13 exemptions apply to the Plaintiff because she has not met the requirements for coverage under the exemptions.

47. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

48. Defendants have not acted in good faith with respect to the conduct alleged herein.

49. As a result of Defendants' violations of the FLSA, the Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation pursuant to 29 U.S.C. § 216(b).

## COUNT II

### FLSA Minimum Wage Claim

50. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a).

51. Defendants routinely and regularly failed to pay plaintiff the applicable minimum wage, in violation of 29 U.S.C. §206(a).

52. As a result of Defendants' unlawful practices, plaintiff suffered a loss of wages.

6

53. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### NYLL Overtime Wage Claim

54. At all times relevant to this Complaint, Defendants were "employers" of the Plaintiff within the meaning of the NYLL and the Regulations pertaining thereto.

55. At all times relevant to this Complaint, the Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the Regulations pertaining thereto.

56. At all times relevant to this Complaint, Defendants employed the Plaintiff, suffering or permitting her to work within the meaning of the NYLL and the Regulations pertaining thereto.

57. At all times relevant to this Complaint, the Plaintiff was employed by Defendants within the meaning of NYLL §§ 2 and 651.

58. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §142-2.2.

59. By the above-alleged conduct, Defendants have failed to pay the Plaintiff overtime compensation for the time periods in which she worked in excess of forty (40) hours a week for Defendants.

60. By the above-alleged conduct, Defendants have failed to pay the Plaintiff overtime compensation as required by the NYLL and the Regulations pertaining thereto.

61. The Plaintiff is not exempt from the overtime provisions of the NYLL and the Regulations, because she has not met the requirements for any of the reduced number of exemptions available under New York law.

62. Defendants have acted willfully and have either known that their conduct violated the NYLL and the Regulations pertaining thereto or have shown a reckless disregard for the matter of whether their conduct violated the NYLL. Defendants have not acted in good faith with respect to the conduct alleged herein.

63. As a result of Defendants' violations of the NYLL and the Regulations promulgated therein, the Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation pursuant to the NYLL.

## COUNT IV

### NYLL Minimum Wage Claim

64. At all times relevant to this action, the Plaintiff was an "employee" of Defendants within the meaning of NYLL §§ 2 and 651.

65. As set forth herein, Defendants regularly and routinely failed to pay Plaintiff at the applicable minimum hourly wage in violation of the New York Minimum Wage Act.

66. Defendants willfully failed to pay Plaintiff at the applicable minimum hourly wage in violation of the New York Minimum Wage Act, specifically NYLL §652.

67. As a result of Defendants' unlawful practices, the Plaintiff has suffered a loss of wages.

68. As a result of Defendants' violations of the NYLL and the Regulations promulgated therein, the Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT V

### NYLL Spread of Hours Claim

69. During the time period as stated herein, Plaintiff worked shifts in excess of ten (10) hours each workweek.

70. Defendants failed to pay the Plaintiff spread of hours compensation of an additional hour of pay at the minimum wage for each day that the Plaintiff worked a spread of hours in excess of ten hour as required under the New York State Department of Labor's Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

71. Defendants' failures constituted outrageous conduct, made knowingly and willfully or with a reckless indifference to the Plaintiff's rights.

72. As a result of Defendants' violations of the NYLL and the Regulations pertaining thereto, the Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT V

### NYLL Failure to Provide Wage Notices Claim

73. Defendants willfully failed to furnish the Plaintiff with wage notices during her employment as required by NYLL § 195(1), in English or in Spanish (the language identified by Plaintiff as her primary language), which were to contain, among other things, the Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business,

and a mailing address if different; the telephone number of the employer; and the Plaintiff's regular hourly rates of pay and overtime rates of pay.

74. Through their knowing and intentional failure to provide the Plaintiff with proper wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

75. Due to Defendants' willful violations of the NYLL, the Plaintiff is entitled to recover statutory penalties of fifty dollars ($50.00) for each work week prior to February 27, 2015 in which Defendants failed to provide the Plaintiff with proper wage notices up to a maximum of twenty-five hundred dollars ($2500.00), in addition to statutory penalties of fifty dollars ($50.00) for each work day on or after February 27, 2015 in which Defendants failed to provide the Plaintiff with proper wage notices up to a maximum of five thousand dollars ($5,000.00), together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT VI

### NYLL Failure to Provide Wage Statement Claim

76. Defendants willfully failed to provide the Plaintiff with proper written wage statements with her wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

77. Through their knowing and intentional failure to provide the Plaintiff with proper and accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

78. Due to Defendants' willful violations of the NYLL, the Plaintiff is entitled to recover statutory penalties of one hundred dollars ($100.00) for each work week prior to February 27, 2015 that Defendants failed to provide the Plaintiff with proper written wage statements up to a maximum of twenty-five hundred dollars ($2500.00), in addition to statutory penalties of two hundred fifty dollars ($250.00) for each work day on or after February 27, 2015 in which Defendants failed to provide the Plaintiff with proper wage statements up to a maximum of five thousand dollars ($5,000.00), together with costs and attorneys' fees as provided by NYLL § 198(1-d).

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, by and through her attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, in favor of the Plaintiff, for a sum that will properly, adequately, and completely compensate the Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

    1. Violated provisions of the FLSA by failing to pay minimum wages and overtime wages to the Plaintiff;
    2. Willfully violated the overtime provisions of the FLSA;
    3. Violated the provisions of the NYLL by failing to pay minimum wages, overtime wages, and spread of hours wages to the Plaintiff;
    4. Willfully violated the minimum wage, overtime, and spread of hours provisions of the NYLL.

B. Award compensatory damages, including all minimum wage, overtime, and spread of hours compensation owed, in an amount according to proof;

C. Award interest on all NYLL minimum wage, overtime, and spread of hours compensation and other compensation due accruing from the date such amounts were due;

D.  Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and the NYLL; and

E.  Provide such other and further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       October 12, 2016

Neil H. Greenberg & Associates, P.C.

_____
By: Neil H. Greenberg, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: (516) 228-5100
Fax: (516) 228-5106

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **4125 Meat Corp., and Luis Corona** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.
I, consent to be a party plaintiff in a lawsuit against , , , and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

_____
Firma (Signature)


_____
**Rosa Guiracocha**

- 1 -